1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| UNITED STATES OF AMERICA, ON BEHALF OF THE NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION AND THE UNITED STATES DEPARTMENT OF THE INTERIOR; THE STATE OF WASHINGTON THROUGH THE WASHINGTON DEPARTMENT OF ECOLOGY; MUCKLESHOOT INDIAN TRIBE; SUQUAMISH TRIBE, | ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) Case No. cv-23-00101 ) |
| v. | ) CONSENT DECREE ) |
| LYNDEN, INC.; KNIK CONSTRUCTION CO., INC; DOUGLAS MANAGEMENT COMPANY; ALASKA MARINE LINES, INC.; SWAN BAY HOLDINGS, INC.; BERING MARINE CORP.; 7100 FIRST AVENUE S SEATTLE, LLC; 5615 WEST MARGINAL WAY SW SEATTLE, LLC; 5600 WEST MARGINAL WAY SW SEATTLE, LLC; LTI, INC.; LYNDEN TRANSPORT, INC. (F/K/A LYNDEN TRANSFER, INC.); ALAGNAK HOLDINGS, LLC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

CONSENT DECREE

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

1
2

## TABLE OF CONTENTS

3

I.        INTRODUCTION ................................................................................. 1

4

II.       BACKGROUND ................................................................................. 1

5

III.      JURISDICTION AND VENUE ........................................................ 6

6

7        IV.      GENERAL PROVISIONS ................................................................ 6

8        V.        DEFINITIONS .................................................................................. 7

9        VI.      PAYMENT OF ASSESSMENT COSTS AND NATURAL RESOURCE
         DAMAGES; PURCHASE OF RESTORATION CREDITS ............... 10

10

11       VII.     STIPULATED PENALTIES AND INTEREST .................................. 13

12       VIII.    COVENANT NOT TO SUE BY PLAINTIFFS ................................. 14

13       IX.      RESERVATIONS OF RIGHTS ......................................................... 15

14

15       X.        COVENANT NOT TO SUE BY DEFENDANTS ................................. 17

16       XI.      EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION ......... 17

17       XII.     RETENTION OF RECORDS ............................................................. 19

18       XIII.    NOTICES  ........................................................................................ 20

19

20       XIV.     RETENTION OF JURISDICTION .................................................... 23

21       XV.      26 U.S.C. SECTION 162(f)(2)(A)(ii) IDENTIFICATION.................... 23

22       XVI.     LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ........... 23

23       XVII.    SIGNATORIES/SERVICE ............................................................... 24

24       XVIII.   FINAL JUDGMENT ........................................................................ 24

25
26
27
28

CONSENT DECREE                                    U. S. DEPARTMENT OF JUSTICE
                                                Environment and Natural Resources Division
                                                            7600 Sand Point Way NE
                                                              Seattle, WA  98115

# I.    INTRODUCTION

The United States of America ("United States"), on behalf of the National Oceanic and Atmospheric Administration ("NOAA") and the United States Department of the Interior through the U.S. Fish and Wildlife Service; the State of Washington (the "State") through the Washington State Department of Ecology; the Suquamish Tribe; and the Muckleshoot Indian Tribe (collectively, "Plaintiffs"), have filed a complaint in this case against Defendants: Lynden, Inc.; Knik Construction Co., Inc.; Douglas Management Company; Alaska Marine Lines, Inc.; Swan Bay Holdings, Inc.; Bering Marine Corp.; 7100 First Avenue S Seattle, LLC; 5615 West Marginal Way SW Seattle, LLC; 5600 West Marginal Way SW Seattle, LLC; LTI, Inc.; Lynden Transport, Inc. (f/k/a Lynden Transfer, Inc.); and Alagnak Holdings, LLC, (collectively, "Defendants") pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9607; the Model Toxics Control Act ("MTCA"), RCW 70A.305; Section 311 of the Clean Water Act ("CWA"), 33 U.S.C. § 1321; and Section 1002(b)(2)(A) of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2702(b)(2)(A), for Covered Natural Resource Damages as a result of releases of hazardous substances and discharges of oil into the Lower Duwamish River ("LDR") and/or Elliott Bay (as defined below). The Lower Duwamish River is an urban waterway in and near Seattle, Washington, which flows into Elliott Bay and has been subject to considerable levels of industrial use throughout its history and into the present. This Consent Decree (the "Decree") addresses the claims asserted in the Complaint against the Defendants.

# II.    BACKGROUND

A.    The National Oceanic and Atmospheric Administration; the United States Department of the Interior through the U.S. Fish and Wildlife Service; the Washington

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115

Department of Ecology on behalf of the State of Washington; the Suquamish Tribe, and the Muckleshoot Indian Tribe (collectively, "the Trustees" and, individually, a "Trustee"), under the authority of Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), 40 C.F.R. Part 300, subpart G, and RCW 70A.305.040(2), serve as trustees for natural resources for the assessment and recovery of damages for injury to, destruction of, or loss of natural resources and the services provided by those injured resources under their trusteeship.

B.    Investigations conducted by the Trustees and others detected hazardous substances in the sediments, soils and groundwater of the Lower Duwamish River, including but not limited to arsenic, antimony, cadmium, chromium, copper, mercury, nickel, lead, zinc, bis(2-ethylhexyl) phthalate, hexachlorobenzene, hexachlorobutadiene, tributyltin ("TBT"), polychlorinated biphenyls (PCBs), and polycyclic aromatic hydrocarbons (PAHs). Overall, the Trustees have documented the presence of over 30 hazardous substances in the sediments of the LDR.

C.    The Trustees began assessing damages to natural resources in the LDR in 1990 by finding that hazardous substances had been released into the LDR; that natural resources had likely been injured by the releases; that data sufficient to pursue a natural resource damage assessment were available or could likely be obtained at a reasonable cost; and that, without further action, future response activities would not adequately remedy the resource injuries. *See, e.g.*, NOAA, Lower Duwamish River Sediment Characterization Study Report (Dec. 10, 1998); Elliott Bay Trustee Council, Pre-Assessment Screen for LDR (December 2009); NOAA, Final Lower Duwamish River NRDA Restoration Plan and Programmatic Environmental Impact Statement (July 2013); and Final Lower Duwamish River NRDA: Injury Assessment Plan (March 2019).

CONSENT DECREE                                         - 2 -

D.     Although the Trustees have initiated but not yet completed a natural resource damage assessment for the LDR, the Trustees have developed and analyzed information sufficient to support settlements that are fair, reasonable and in the public interest.

E.     At various times, Defendants owned and/or operated, or continue to own and/or operate, three properties located along the LDR: 5600 West Marginal Way SW (from about 1989 to the present); 5615 West Marginal Way SW (from about 1970 to the present); and 7100 1st Avenue South (from about 1977 to the present). Activities at these properties prior to and during the Defendants' periods of ownership and operation included ship berthing, ship dismantling, vehicle washing, barge loading and unloading, use of underground storage tanks, and use of creosote treated wood and pilings. The activities at these properties have resulted in releases of hazardous substances, including but not limited to, PAHs, TBT, bis(2-ethylhexyl) phthalate, and phenol, to the LDR.

F.     Plaintiffs allege in the Complaint that Defendants owned and/or operated facilities on, adjacent to, or near the LDR at the time of the disposal of hazardous substances within the meaning of 42 U.S.C. § 9607 and RCW 70A.305.040. Plaintiffs allege that hazardous substances have been released and oil discharged to the LDR from the facilities owned and/operated by Defendants, identified in Appendix A, through direct discharge or other process discharges that have flowed to the LDR. The alleged discharges were to "navigable waters" or "adjoining shorelines" within the meaning of Section 1002(a) of OPA, 33 U.S.C. § 2702(a), and Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3). Plaintiffs also allege that investigations have detected hazardous substances in soils, groundwater and/or sediments on or in the property or facilities, and some of these same hazardous substances are found in the sediments of the LDR. Plaintiffs further allege that hazardous substances released to the LDR from the facilities owned

CONSENT DECREE                              - 3 -                    U. S. DEPARTMENT OF JUSTICE
                                                                    Environment and Natural Resources Division
                                                                    7600 Sand Point Way NE
                                                                    Seattle, WA  98115

and/or operated by Defendants identified in Appendix A have caused injury to, destruction of and loss of natural resources in the LDR under Plaintiffs' trusteeship, including fish, shellfish, birds, sediments, and resources of cultural significance. Plaintiffs allege that each of them and the public have suffered the loss of natural resource services (including ecological services as well as direct and passive human-use losses) as a consequence of those injuries.

G.    To facilitate resolving natural resource damage claims, relying upon the results of remedial investigations, regulatory standards, and scientific literature, the Trustees developed an estimate of the amount of injury to natural resources that had occurred as a result of releases of hazardous substances and discharges of oil to the LDR. The Trustees quantified the effects of the injuries in terms of the losses of ecological services over affected areas of the LDR and over time, discounted to a present value. Plaintiffs used the term discounted service acre-years ("DSAYs") to describe both the scale of the injuries, and the amount of habitat restoration they are seeking to compensate for the injuries. At this time, for purposes of early settlements, including this Decree, the Trustees' estimated total number of DSAYs for the LDR is 5,278.

H.    Plaintiffs assert that hazardous substance releases to the LDR have become dispersed and commingled to the extent that the effects of releases or discharges of one potentially responsible party ("PRP") cannot be readily distinguished from another's. Plaintiffs further assert that the circumstances of the LDR contamination make all PRPs who contributed to the contamination jointly and severally liable for all injuries to natural resources that have resulted from the contamination. As a consequence, Plaintiffs assert the right to recover for damages and associated damage assessment costs from any Lower Duwamish River PRP. Without prejudice to their position and solely for purposes of facilitating early settlements with individual PRPs, the Trustee Council developed a streamlined process for allocating natural

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115

resource damages liability among the PRPs. The Plaintiffs determined that settling with Defendants for a portion of the natural resource damages attributable to all LDR sources would result in a fair and equitable resolution of Plaintiffs' claims. Taking into consideration prior settlements with other PRPs who bore some liability for hazardous substance contamination of the LDR and releases of hazardous substances and oil by non-settling parties, Plaintiffs agreed to settle their claims against Defendants as provided in this Consent Decree. Plaintiffs determined based upon the facts regarding Defendants' ownership and operations, and other equitable factors, that Defendants account for 15 of the total estimated DSAYs for the LDR.

I.      Defendants do not admit any liability to Plaintiffs arising out of the transactions or occurrences alleged in the Complaint and the matters alleged in this Decree.

J.      Plaintiffs and Defendants (collectively, the "Parties" and, individually, a "Party") agree that neither Plaintiffs nor Defendants will use this settlement (including the terms of this Decree and the basis for the compromise contained in other documents filed in this action in support of this Decree) in any other forum, whether in litigation, administrative proceedings, formal or informal negotiations, or otherwise, to resolve, attempt to resolve, or in any way influence the resolution of, other claims between Plaintiffs and Defendants in the LDR (as defined below); provided, however, that this provision does not limit Plaintiffs or Defendants from using otherwise available factual information referenced in documents filed in support of this Decree. The restriction in the preceding sentence applies to, but is not limited to, claims other than Covered Natural Resources Damages that the United States (on behalf of the United States Environmental Protection Agency) and the State may have against Defendants under CERCLA, the Solid Waste Disposal Act (as amended by the Resource Conservation and Recovery Act), 42 U.S.C. § 6901 *et seq.*, or MTCA in the LDR.

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115

K.      The Parties agree, and this Court by entering this Consent Decree finds, that this Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, that this Decree will expedite the restoration and protection of natural resources at and near the Lower Duwamish River, that the funding of restoration by the Defendants constitutes appropriate action necessary to protect and restore the natural resources allegedly injured by releases or threatened releases of hazardous substances by the Defendants, and that this Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby Ordered, Adjudged and Decreed:

## III.      JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345 and l367, 42 U.S.C. § 9613(b), and 33 U.S.C. § 2717(b).  The Court has personal jurisdiction over the Parties. Solely for the purposes of this Decree and the underlying Complaint, the Parties waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. The Parties may not challenge the terms of this Decree or this Court's jurisdiction to enter and enforce this Decree.

## IV.      GENERAL PROVISIONS

2.      This Decree is binding upon the United States, the State, the Suquamish Tribe, the Muckleshoot Indian Tribe, and the Defendants and their successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to any transfer of assets or real or personal property, will in no way alter the status or responsibilities of Defendants under this Decree.

3.      The Complaint states claims against the Defendants upon which relief may be granted. Nothing in this Decree shall be construed as an admission of liability by Defendants for

CONSENT DECREE                                          - 6 -                    U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115

any claims or allegations made in the Complaint or in this Decree. This Decree shall not be used as evidence of Defendants' alleged liability in any action or proceeding other than an action or proceeding to enforce the terms of this Decree.

## V.    DEFINITIONS

4.    Unless otherwise expressly provided, terms used in this Decree that are defined in CERCLA or in regulations promulgated under CERCLA have the meanings assigned to them in CERCLA or in such regulations. Whenever the terms listed below are used in this Decree or in any attached appendix, the following definitions will apply:

a.    "CERCLA" means the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq*.

b.    "Consent Decree" or "Decree" means this Consent Decree, including Appendices A and B.

c.    "Covered Natural Resource Damages" means damages, including costs of damage assessment, recoverable under Section 107 of CERCLA, 42 U.S.C. § 9607; Chapter 70A.305 RCW; Section 311 of the Clean Water Act ("CWA"), 33 U.S.C. § 1321; and Section 1002 of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2702(b) and any other statutory or common law, for injury to, destruction of, loss of, loss of use of, or impairment of Natural Resources, including, but not limited to:  (i) the costs of assessing such injury, destruction, or loss or impairment of natural resources; (ii) the costs of restoration, rehabilitation, or replacement of injured or lost natural resources or of acquisition of equivalent resources; (iii) the costs of planning such restoration activities; (iv) compensation for injury, destruction, loss, impairment, diminution in value, or loss of use of natural resources; and (v) each of the categories of recoverable damages described in 43 C.F.R. § 11.15, and applicable State or tribal

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115

law, resulting from releases of hazardous substances or discharges of oil to the LDR and/or Elliott Bay, or adjoining shorelines, where such release or discharge occurred on or before the Effective Date of this Consent Decree, at or from the properties owned or operated by Defendants, respectively, identified in Appendix A. Damages, injury to, destruction of, loss of, loss of use of, or impairment of Natural Resources resulting from releases of hazardous substances or discharges of oil originating from Defendants' operations or activities outside of the properties identified for each Defendant in Appendix A are not included in Covered Natural Resource Damages, even if those hazardous substances or discharges of oil reach the LDR by flowing over, under, or through any portion of the properties identified in Appendix A.

d.      "Day" means a calendar day. In computing any period of time under this Consent Decree, where the last day falls on a Saturday, Sunday, or federal holiday, the period of time will run until the close of business of the next working day. "Working day" means a day other than a Saturday, Sunday, or federal holiday.

e.      "Defendants" shall mean Lynden, Inc.; Knik Construction Co., Inc.; Douglas Management Company; Alaska Marine Lines, Inc.; Swan Bay Holdings, Inc.; Bering Marine Corp.; 7100 First Avenue S Seattle, LLC; 5615 West Marginal Way SW Seattle, LLC; 5600 West Marginal Way SW Seattle, LLC; LTI, Inc.; Lynden Transport, Inc. (f/k/a Lynden Transfer, Inc.); and Alagnak Holdings, LLC.

f.      "Discounted Service-Acre Year" (DSAY) means the amount of a specific suite of ecological services determined to be produced per acre of a given type of habitat over a period of years, the total of which are discounted to a present value.

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115

g.      "Effective Date" shall be the date on which this Consent Decree is entered by the Court, or, if the Court instead issues an order approving the Consent Decree, the date of such order.

h.      "Elliott Bay" means any portion of Elliott Bay (including the shoreline, intertidal and subtidal areas, tributaries, estuaries and bottom sediments) in the State of Washington where hazardous substances originating from the locations identified in the definition of Covered Natural Resource Damages have come to be located.

i.      "Lower Duwamish River" or "LDR" means any portion of the Duwamish Waterway (including the shoreline, intertidal areas, tributaries, estuaries and bottom sediments) in the State of Washington where hazardous substances originating from the property identified in the definition of Covered Natural Resource Damages have come to be located.  The LDR includes the in-waterway portions of three Superfund Sites: the Harbor Island Superfund Site (located south of downtown Seattle, Washington, including the East Waterway and West Waterway that flow from the south end of Harbor Island north to Elliott Bay), the Lower Duwamish Waterway Superfund Site (approximately five miles of the Duwamish River from the southern tip of Harbor Island south to the area around the Norfolk Combined Sewer Overflow/Storm Drain in Tukwila, Washington), and the Lockheed West Superfund Site (areas in and around the site formerly known as Lockheed Shipyard No. 2, located near the confluence of the West Waterway and Elliott Bay).

j.      "MTCA" means the Model Toxics Control Act, RCW 70A.305.

k.      "Natural Resources" means that definition as provided in 42 U.S.C. § 9601(16).

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115

l.      "Parties" means the United States, the State of Washington, the Suquamish Tribe, the Muckleshoot Indian Tribe, and Defendants.

m.      "Plaintiffs" means the United States, the State of Washington, the Suquamish Tribe, and the Muckleshoot Indian Tribe.

n.      "Trustees" mean the National Oceanic and Atmospheric Administration; the United States Department of the Interior through the U.S. Fish and Wildlife Service; the Washington State Department of Ecology, on behalf of the State of Washington; the Suquamish Tribe; and the Muckleshoot Indian Tribe.

o.      "United States" shall mean the United States of America and each department, agency and instrumentality of the United States, including the United States Department of Commerce and the United States Department of the Interior.

## VI.     PAYMENT OF ASSESSMENT COSTS AND NATURAL RESOURCE DAMAGES; PURCHASE OF RESTORATION CREDITS

### A.  Reimbursement of Assessment Costs

5.      <u>Payment for Past Assessment Costs Incurred by the United States</u>.

Within thirty (30) days after the Effective Date of this Decree, Defendants shall pay a total of $31,528.35 to the United States for assessment costs incurred by the United States. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account, in accordance with instructions provided to Defendants by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Western District of Washington after the Effective Date. The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which Defendants shall use

CONSENT DECREE

- 10 -

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

to identify all payments required to be made in accordance with this Consent Decree. The FLU

will provide the payment instructions to:

Tesia Walker
Assistant Treasurer
Lynden Incorporated
18000 International Blvd., Suite 800
Seattle, WA 98188
Tesia@lynden.com

with a copy to:

Everett H. Billingslea
General Counsel
Lynden Incorporated
18000 International Blvd., Suite 800
Seattle, WA 98188
ehb@lynden.com

on behalf of Defendants. Defendants may change the individuals to receive payment instructions

on their behalf by providing written notice of such change to the United States in accordance

with Section XIII (Notices). Of the total amount to be paid by Defendants pursuant to this

Paragraph:

> (a) $2,641.60 shall be deposited in the DOI NRDAR Fund, to be applied toward natural resource damage assessment costs incurred by DOI.

> (b) $28,886.75 shall be deposited in the NOAA DARR Fund, to be applied toward natural resource damage assessment costs incurred by NOAA.

6.    At the time of each payment pursuant to Paragraph 5, Defendants will send notice

that payment has been made to the United States in accordance with Section XIII (Notices). Such

CONSENT DECREE

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115

1  notice will reference Lower Duwamish River NRDA, DOJ case number 90-11-3-07227/5, and

2  the civil action number.

3  **B.      Payment of Natural Resource Damages**

4  7.      Within thirty days of the Effective Date of this Decree, Defendants will pay to the

5  Trustees $556,250 for Covered Natural Resource Damages. Payment shall be made by EFT to

6  the U.S. Department of Justice account in accordance with Paragraph 5. The payment shall be

7  disbursed to a segregated sub-account within the NRDAR Fund ("Elliott Bay/Lower Duwamish

8  River Account") to be managed by the U.S. Department of the Interior for the joint benefit and

9  use of the Trustees to pay for natural resource restoration projects to be jointly selected by the

10 Trustees.

11 **C.      Purchase of Restoration Credits**

12 8.      As contemplated by this Consent Decree, and as required by the Consent Decree

13 entered on May 7, 2021 in *United States, et al. v. City of Seattle*, Civ. No. 14-1486

14 (W.D.Wash.) (Doc. No. 31), a restoration project developer, Bluefield Holdings, Inc., has

15 constructed and is completing development of a restoration project, known as Restoration

16 Project One, along the Lower Duwamish River on behalf of LDR PRPs, including Defendants

17 and the City of Seattle, for the purpose of, *inter alia*, resolving the liability of the PRPs for

18 natural resource damages.  *See* Appendix B (Letter from Bluefield Holdings, Inc.).

19 9.      In addition to paying cash to resolve their liabilities to the Trustees, Defendants

20 agree to fund a portion of Restoration Project One by purchasing restoration credits equivalent

21 to 10.55 DSAYs from Bluefield Holdings, Inc. Within 30 days of the Effective Date of this

22 Consent Decree, Defendants shall provide documentation of the purchase of the credits for

CONSENT DECREE

- 12 -

10.55 DSAYS to the Trustees. Defendants also agree that they shall retire the restoration credits and may not sell or transfer the restoration credits to any other party.

10.     Bluefield Holdings, Inc. acknowledges in the letter attached to this Consent Decree at Appendix B that, pursuant to the consent decree entered in *United States, et al. v. City of Seattle,* No. 16-1486 (W.D. Wash.), Bluefield Holdings, Inc. is obligated to, *inter alia*, operate and maintain, perform adaptive management, and fund permanent stewardship for Restoration Project One to maintain its ecological value, as determined by the Trustees, which includes ecological value that serves as the basis for the DSAY-equivalent restoration credits purchased by the Defendants in settlement of this action. Bluefield Holdings, Inc. further acknowledges in the letter attached to this Consent Decree at Appendix B that the Trustees, in entering into this Consent Decree, are relying on performance by Bluefield Holdings, Inc. of its obligations in the consent decree entered in *United States, et al. v. City of Seattle*.

## VII.   STIPULATED PENALTIES AND INTEREST

11.     Defendants shall pay a stipulated penalty of $5,000 per day that each payment pursuant to Paragraphs 5 and 7 is not made by the required due date.

a.      All penalties shall begin to accrue on the day after the payment is due, and shall continue to accrue through the final day the payment is made. Plaintiffs may give Defendants written notification of the late payment. Plaintiffs may send Defendants a written demand for the payment of stipulated penalties. However, penalties shall accrue as provided in this Paragraph regardless of whether Plaintiffs have notified Defendants of a late payment.

b.      All payments for stipulated penalties and interest for late payments to the United States under this Paragraph will be deposited by EFT to the United States Treasury in accordance with Paragraph 5. At the time of each payment, Defendants will send notice that

CONSENT DECREE                              - 13 -                    U. S. DEPARTMENT OF JUSTICE
                                                                    Environment and Natural Resources Division
                                                                    7600 Sand Point Way NE
                                                                    Seattle, WA  98115

1
2
3

payment has been made to the United States in accordance with Section XIII (Notices). This

notice will reference Lower Duwamish River NRDA, DOJ Case Number 90-11-3-07227/5, and

the civil action number.

4
5
6

        c.     All penalties accruing under this Section shall be due and payable within

thirty days of Defendants' receipt from Plaintiffs of a demand for payment of the penalties.

7
8
9

    12.    If Defendants fail to pay stipulated penalties when due, Plaintiffs may institute

proceedings to collect the penalties, as well as interest. Defendants shall pay interest on the

unpaid balance, which shall begin to accrue on the day after payment is due.

10
11
12
13

    13.    If Plaintiffs bring a motion or a separate action in court to enforce this Decree and

prevail, Plaintiffs shall be entitled to recover from Defendants their reasonable costs of such

motion or action, including, but not limited to, costs of attorney time.

14
15
16
17

    14.    Payments made under this Section are in addition to any other remedies or

sanctions available to Plaintiffs by virtue of Defendants' failure to comply with the requirements

of this Decree.

18
19
20
21
22
23

    15.    Notwithstanding any other provision of this Section, Plaintiffs may, in their

unreviewable discretion, waive payment of any portion of the stipulated penalties that have

accrued pursuant to this Decree. Payment of stipulated penalties does not excuse Defendants

from payment as required by Section VI (Payment of Assessment Costs and Purchase of

Restoration Credits) or from performance of any other requirement of this Decree.

24

**VIII.   COVENANT NOT TO SUE BY PLAINTIFFS**

25
26
27

    16.    Except as specifically provided in Section IX (Reservations of Rights) below,

Plaintiffs covenant not to sue or to take administrative action against Defendants pursuant to

Section 107(a) of CERCLA, 42 U.S.C. § 9607(a); RCW 70A.305.040; RCW 90.48.367(5);

28

CONSENT DECREE

- 14 -

Section 311 of the Clean Water Act (CWA), 33 U.S.C. § 1321; Section 1002(a) of the Oil Pollution Act of 1990 (OPA), 33 U.S.C. § 2702(a); or any applicable tribal law, to recover Covered Natural Resource Damages. This Covenant Not to Sue will take effect upon receipt of Defendants' complete payments pursuant to Sections VI.A & B (Reimbursement of Assessment Costs and Payment of Natural Resource Damages). This Covenant Not to Sue is conditioned upon the satisfactory performance by Defendants of their obligations under this Decree. This Covenant Not to Sue extends only to Defendants and their successors and assigns, and does not extend to any other person.

## IX.    RESERVATIONS OF RIGHTS

17.    Plaintiffs reserve, and this Decree is without prejudice to, all rights against Defendants with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiffs in Section VIII. Notwithstanding any other provision of this Decree, Plaintiffs reserve all rights against Defendants with respect to:

a.    liability for any other costs, including without limitation, costs of response incurred or to be incurred by the United States, the State, or the Tribes under any federal or State statute or tribal law that are not within the definition of Covered Natural Resource Damages;

b.    liability for damages to Natural Resources (including assessment costs) as defined in 42 U.S.C. § 9601(6), (16) that are not within the definition of Covered Natural Resource Damages;

c.    liability for damages to Natural Resources (including assessment costs) as defined in 42 U.S.C. § 9601(6), (16) within the Lower Duwamish River and/or Elliott Bay resulting from new releases of hazardous substances or discharges of oil from Defendants' property and/or operations after the Effective Date of this Consent Decree;

CONSENT DECREE                          - 15 -          U. S. DEPARTMENT OF JUSTICE
                                                        Environment and Natural Resources Division
                                                        7600 Sand Point Way NE
                                                        Seattle, WA  98115

d.       liability for damages to Natural Resources (including assessment costs) as defined in 42 U.S.C. § 9601(6), (16) based upon Defendants' transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal of hazardous substances at or in connection with the Lower Duwamish River, after the Effective Date of this Decree;

e.       liability for injunctive relief or administrative order enforcement under any federal or State statute;

f.       liability under Section 107(a)(4)(D), 42 U.S.C. § 9607(a)(4)(D), for costs of any health assessment or health effects study carried out under 42 U.S.C. § 9604(i);

g.       additional claims for Covered Natural Resource Damages if conditions, factors or information in the Lower Duwamish River and/or Elliott Bay, not known to the Trustees as of the Effective Date, are discovered that, together with any other relevant information, indicate that there is a threat to the environment, or injury to, destruction of, or loss of Natural Resources of a type unknown, or of a magnitude significantly greater than was known, as of the Effective Date of this Decree (for purposes of this Subparagraph, information known to the Trustees shall consist of any information in the files of, or otherwise in the possession of, any one of the individual Trustees, or their contractors or consultants who worked on the Trustees' natural resource damages assessment and liability allocation projects);

h.       criminal liability to the United States or State; and

i.       liability for failure of a Defendant to satisfy the requirements of this Decree.

CONSENT DECREE

- 16 -

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

## X.    COVENANT NOT TO SUE BY DEFENDANTS

18.    Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, the State, the Suquamish Tribe, and the Muckleshoot Indian Tribe, or their contractors or employees, relating to Covered Natural Resource Damages, including, but not limited to:

a.    any direct or indirect claim for reimbursement of any payment for Covered Natural Resource Damages from the Hazardous Substance Superfund based on CERCLA Sections 107, 111, 112, 113, or any other provision of law; or

b.    any claim against the United States, the State, or the Tribes pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Covered Natural Resource Damages.

## XI.    EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

19.    Nothing in this Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Decree. Each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Lower Duwamish River against any person not a Party hereto. Nothing in this Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional relief (including response action, response costs, and natural resource damages) and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

CONSENT DECREE

- 17 -

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115

20.     The Parties agree, and by entering this Decree this Court finds, that this settlement constitutes a judicially-approved settlement pursuant to which Defendants have, as of the Effective Date, resolved their liability to the United States within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by CERCLA, 42 U.S.C. § 9613(f)(2), and RCW 70A.305.040(4)(d), or as may be otherwise provided by law, for Covered Natural Resource Damages. However, if Plaintiffs exercise their rights under the reservations in Section IX (Reservation of Rights), other than in Paragraphs 17(h) (criminal liability) and 17(i) (failure to satisfy a requirement of this Decree), the contribution protection afforded by this Decree will no longer include those natural resource damages that are within the scope of the exercised reservation.

21.     Defendants agree that they will notify Plaintiffs in writing no later than sixty (60) days before bringing a suit or claim for contribution for Covered Natural Resource Damages. Defendants also will notify Plaintiffs of any settlement of its claims (regardless of whether the claim is filed or unfiled) for contribution for Covered Natural Resource Damages. Defendants also agree that they will notify Plaintiffs in writing within ten (10) days of service of a complaint or claim upon Defendants relating to a suit or claim for contribution for Covered Natural Resource Damages. In addition, Defendants will notify Plaintiffs within ten (10) days of service or receipt of any Motion for Summary Judgment and within ten (10) days of receipt of any order from a court setting a case for trial for matters related to this Decree.

22.     In any subsequent administrative or judicial proceeding initiated by a Plaintiff(s) for injunctive relief, recovery of response costs, or other appropriate relief other than Covered Natural Resource Damages, Defendants shall not assert, nor may it maintain, any defense or

CONSENT DECREE                           - 18 -

claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by Plaintiffs in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Paragraphs 16 and 18.

## XII.   RETENTION OF RECORDS

23.     Until ten (10) years after Defendants' payments to Plaintiffs pursuant to Paragraphs 5 and 7, Defendants shall preserve and retain all non-identical copies of records and documents (including records or documents in electronic form) now in their possession or control or which come into their possession or control that relate in any manner to their liability or the liability of any other person under CERCLA with respect to the Lower Duwamish River. The above record retention requirement shall apply regardless of any corporate retention policy to the contrary.

24.     At the conclusion of these document retention periods, Defendants shall notify the Plaintiffs at least ninety (90) days prior to the destruction of any such records or documents, and, upon written request by Plaintiffs, and except as provided in Paragraph 25 (Privileged and Protected Claims), Defendants shall deliver any such non-privileged records or documents to Plaintiffs.

25.     <u>Privileged and Protected Claims</u>. Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Defendants assert such a privilege, they shall provide Plaintiffs with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document,

CONSENT DECREE                                      - 19 -

record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Defendants. However, no documents, reports or other information created or generated pursuant to the requirements of the Decree shall be withheld on the grounds that they are privileged.

26.     Defendants hereby certify individually that, to the best of their knowledge and belief, after a thorough inquiry that fully complies with the Federal Rules of Civil Procedure, they have not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information (other than identical copies) relating to its potential liability regarding the Lower Duwamish River since notification of potential liability by any Trustee.

### XIII.  NOTICES

27.     Whenever notice is required to be given by one Party to another under the terms of this Decree, it will be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Except as otherwise provided, written notice by regular mail, or by electronic mail, as specified constitutes complete satisfaction of any written notice requirement of the Decree for Plaintiffs and Defendants.

As to the United States and as to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Eescdcopy.enrd@usdoj.gov
(DJ #90-11-3-07227/5)

Erika Wells
U.S. Department of Justice
c/o NOAA/Damage Assessment

CONSENT DECREE

- 20 -

1    7600 Sand Point Way, NE
     Seattle, WA  98115
2    Erika.wells@usdoj.gov

3
     As to NOAA:
4

5    Joseph Edgell
     NOAA Office of General Counsel
6    7600 Sand Point Way, NE
     Seattle, WA 98115
7    Joseph.Edgell@noaa.gov

8
     Rachel Ramos
9    NOAA Office of General Counsel
     501 W. Ocean Blvd.
10   Suite 4470
     Long Beach, CA 90802
11   Rachel.ramos@noaa.gov

12
     Marla Steinhoff
13   Regional Resource Coordinator
     Office or Response and Restoration
14   Assessment and Restoration Division
     7600 Sand Point Way NE, Bldg. 1,
15   Seattle, WA 98115-6349
     Marla.steinhoff@noaa.gov
16

17   As to the United States Department of the Interior:

18
     Clare Cragan
19   U.S. Department of the Interior
     Office of the Solicitor
20   755 Parfet St., Suite 151
     Lakewood, CO 80215
21   clare.cragan@sol.doi.gov

22
23   Jeff Krausmann
     U.S. Fish & Wildlife Service
24   510 Desmond Dr. SE, Suite 102
     Lacey, WA 98503-1263
25   Jeff_krausmann@fws.gov

26

27

28   CONSENT DECREE                    - 21 -        U. S. DEPARTMENT OF JUSTICE
                                                    Environment and Natural Resources Division
                                                           7600 Sand Point Way NE
                                                             Seattle, WA  98115

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>As to the State</u>:

John Level
Assistant Attorney General
2425 Bristol Court S.W.
P.O. Box 40117
Olympia, WA 98504 0117
John.level@atg.wa.gov

<u>As to the Suquamish Tribe</u>:

Melody Allen
Suquamish Tribe
Office of Tribal Attorney
P.O. Box 498
Suquamish, WA 98392-0498
mallen@Suquamish.nsn.us

<u>As to the Muckleshoot Indian Tribe</u>:

Robert L Otsea, Jr. and Trent Crable
Office of the Tribal Attorney
Muckleshoot Indian Tribe
39015 172nd Avenue S.E.
Auburn, WA 98002
Trent.crable@muckleshoot.nsn.us

<u>As to Defendants</u>:

Everett H. Billingslea
General Counsel
Lynden Incorporated
18000 International Blvd., Suite 800
Seattle, WA 98188
ehb@lynden.com

with a copy to notices@lynden.com

CONSENT DECREE

- 22 -

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115

## XIV.   RETENTION OF JURISDICTION

28.     This Court retains jurisdiction over both the subject matter of this Consent Decree and the Parties for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction of this Consent Decree, or to effectuate or enforce compliance with its terms.

## XV.     26 U.S.C. SECTION 162(f)(2)(A)(ii) IDENTIFICATION

29.     For purposes of the identification requirement in Section 162(f)(2)(A)(ii) of the Internal Revenue Code, 26 U.S.C. §162(f)(2)(A)(ii), and 26 C.F.R. § 1.162-21(b)(2)(iii)(A), performance by Defendants of Section XII (Retention Of Records), Paragraphs 23, 24, and 26, and the payments plus interest and purchase of credits made in Section VI (Payment of Assessment Costs and Natural Resource Damages; Purchase of Restoration Credits), Paragraphs 5-7 & 9, are restitution, remediation, or required to come into compliance with law.

## XVI.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

30.     This Decree will be lodged with the Court for a period of not less than thirty (30) days for public notice and comment. Plaintiffs each reserve the right to withdraw or withhold their consent if the comments regarding the Decree disclose facts or considerations that indicate this Decree is inappropriate, improper, or inadequate. Defendants consent to the entry of this Decree without further notice.

31.     If for any reason this Court does not approve this Decree in the form presented, this Decree may be voided at the sole discretion of any Party, and the terms of the agreement may not be used as evidence in any litigation among the Parties.

## XVII.  SIGNATORIES/SERVICE

32.     The Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice and each undersigned representative of the State, the Suquamish Tribe, the Muckleshoot Indian Tribe, and Defendants certifies that he or she is authorized to enter into the terms and conditions of this Decree and to execute and bind legally the Party that he or she represents to this document.

33.     Defendants agree not to oppose entry of this Decree by this Court or to challenge any provision of this Decree unless any Plaintiff has notified Defendants in writing that it no longer supports entry of the Decree.

34.     Defendants will identify on the attached signature page the name and address of an agent who is authorized to accept service of process by mail on behalf of each of them with respect to all matters relating to this Decree. Defendants agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to service of a summons. Defendants need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Decree.

## XVIII.  FINAL JUDGMENT

35.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the United States, the State, the Suquamish Tribe, the Muckleshoot Indian Tribe, and Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

CONSENT DECREE

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115

So ORDERED this 3rd day of April 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115

Signature Page for Consent Decree regarding the Lower Duwamish River

*U.S., et al., v. Lynden, Inc., et al.*

**FOR THE UNITED STATES OF AMERICA:**

Date:  11/16/22

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice
Washington, D.C.  20530

Date:             /s/ Erika M. Wells
ERIKA M. WELLS, OSBA# 055004
Senior Counsel
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
c/o NOAA Damage Assessment
7600 Sand Point Way, NE
Seattle, Washington 98115
(202) 532-3258
Erika.wells@usdoj.gov

CONSENT DECREE

- 26 -

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA  98115

Signature Page for Consent Decree regarding the Lower Duwamish River

*U.S., et al., v. Lynden, Inc., et al.*

**FOR THE STATE OF WASHINGTON:**

Date:   9/29/22          /s/ Brock Milliern
                         Brock Milliern
                         Toxic Cleanup Program Manager
                         Department of Ecology

Date:   9/29/22          /s/ John Level
                         John Level, WSBA # 20439
                         Assistant Attorney General
                         2425 Bristol Court S.W.
                         P.O. Box 40117
                         Olympia, WA 98504 0117

CONSENT DECREE                    - 27 -              U. S. DEPARTMENT OF JUSTICE
                                                  Environment and Natural Resources Division
                                                            7600 Sand Point Way NE
                                                              Seattle, WA  98115

Signature Page for Consent Decree regarding the Lower Duwamish River

*U.S., et al., v. Lynden, Inc., et al.*

**FOR THE SUQUAMISH TRIBE:**

Date:  8/25/22          /s/ Leonard Forsman
                        Leonard Forsman
                        Chairman
                        Suquamish Tribe
                        Post Office Box 498
                        Suquamish, Washington 98392

CONSENT DECREE                    - 28 -          U. S. DEPARTMENT OF JUSTICE
                                                  Environment and Natural Resources Division
                                                  7600 Sand Point Way NE
                                                  Seattle, WA  98115

Signature Page for Consent Decree regarding the Lower Duwamish River

*U.S., et al., v. Lynden, Inc., et al.*

**FOR THE MUCKLESHOOT INDIAN TRIBE:**

Date:  12/16/22          /s/ Jaison Elkins
                         Jaison Elkins
                         Chairperson
                         Muckleshoot Indian Tribe
                         39015 172nd Ave. S.E.
                         Auburn, WA 98092-9763

CONSENT DECREE                    - 29 -          U. S. DEPARTMENT OF JUSTICE
                                                 Environment and Natural Resources Division
                                                 7600 Sand Point Way NE
                                                 Seattle, WA  98115

1

Signature Page for Consent Decree regarding the Lower Duwamish River

2

*U.S., et al., v. Lynden, Inc., et al.*

3

4

**FOR THE DEFENDANTS**

5

6

7

Date:  7/21/22          /s/ Everett H. Billingslea

8                                Everett H. Billingslea

9                                Senior Vice President and Secretary

10                               Lynden, Inc.

11                               Secretary

12                               Knik Construction Co, Inc.

13                               Secretary

14                               Douglas Management Company

15                               Secretary

16                               Alaska Marine Lines, Inc.

17                               Assistant Secretary

                                 Swan Bay Holdings, Inc.

18

19                               Secretary

                                 Bering Marine Corp.

20

21                               Manager

                                 5615 West Marginal Way SW Seattle, LLC

22

23                               Manager

                                 5600 West Marginal Way SW Seattle, LLC

24

25                               Secretary

                                 Alagnak Holdings, LLC

26

27

28

CONSENT DECREE                   - 30 -          U. S. DEPARTMENT OF JUSTICE
                                                 Environment and Natural Resources Division
                                                 7600 Sand Point Way NE
                                                 Seattle, WA  98115

1

Date: _7/15/22_          /s/ Jason Jansen _____

2                                        Jason Jansen
                                         President
3                                        LTI, Inc.

4

Date: _7/22/22_          /s/ Paul Grimaldi _____

5                                        Paul Grimaldi
                                         President
6                                        Lynden Transport, Inc. (F/K/A Lynden Transfer, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSENT DECREE                     - 31 -          U. S. DEPARTMENT OF JUSTICE
                                                   Environment and Natural Resources Division
                                                   7600 Sand Point Way NE
                                                   Seattle, WA  98115

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CONSENT DECREE

- 32 -